John E. RENEER, Plaintiff–Appellant,

v.

Lt. Brian SEWELL; Al C. Parke; Laura Vestal, Defendants–Appellees.

No. 91–5577.

United States Court of Appeals, Sixth Circuit.

Submitted June 19, 1992.

Decided Sept. 15, 1992.

John E. Reneer, pro se.

Susan Alley (briefed), Office of General Counsel, Corrections Cabinet, Frankfort, Ky., for defendants-appellees.

Before: MERRITT, Chief Judge; and KEITH and RYAN, Circuit Judges.

RYAN, Circuit Judge.

In this action brought under 42 U.S.C. § 1983, plaintiff John E. Reneer, a former inmate at the Kentucky State Reformatory, alleges that defendants, various corrections officials, violated his First Amendment rights by reading his incoming legal mail. He appeals the district court's order granting defendants' motion for summary judgment, limiting future filings by plaintiff *in forma pauperis*, 28 U.S.C. § 1915(d), and denying his motion to appoint counsel. We vacate that portion of the district court's order granting summary judgment to the defendants and remand for further proceedings, but affirm its judgment in all other respects.

I.

In his *pro se* complaint, Reneer alleged that on two occasions in December 1990, prison officials read his incoming legal mail in violation of prison policy and the First Amendment. He sought declaratory, injunctive, and monetary relief. Specifically, Reneer avers that defendant Lt. Brian Sewell, a prison officer, in the presence of plaintiff and another defendant, mail room employee Laura Vestal, on two occasions opened envelopes identified as privileged legal mail and "read," rather than merely "scanned," the contents of the envelopes prior to delivering them to plaintiff. The first envelope was from J. Vincent Aprile 2d, an attorney in the Kentucky Department of Public Advocacy, and contained documents pertaining to the case *Reneer v. Stephens*, Franklin (Ky.) Circuit Court, No. 90–CI–1278. The second was sent by an attorney from the Kentucky Corrections Cabinet, and contained discovery documents pertaining to *Reneer v. Wigginton*, Oldham (Ky.) Circuit Court, No. 90–CI–445, yet another of plaintiff's numerous civil cases pending in the state and federal courts. Reneer claims that Sewell read his legal mail in retaliation for his attempts to have perjury charges brought against a former corrections staffer and that the actions were intended to chill his right to free speech under the First Amendment.

The district court, following *de novo* review of the magistrate judge's report and recommendation, granted summary judgment to defendants, holding that the inspections were not violative of plaintiff's constitutional rights, as a matter of law, based on the *in camera* affidavit of defendant Al Parke, the prison warden, establishing that he ordered a search of plaintiff's incoming mail based on suspicions that plaintiff might be involved in the disappearance of certain mail logs from the prison mail room. Defendants claim this suspicion justified the search as necessary to avoid further breaches of security.

■ A district court's order granting summary judgment is reviewed *de novo*.

*Leila Hosp. & Health Ctr. v. Xonics Medical Sys., Inc.,* 948 F.2d 271, 273 (6th Cir. 1991). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

■ Reneer relies primarily on *Preston v. Cowan,* 369 F.Supp. 14 (W.D.Ky.1973), and Kentucky Corrections Policy and Procedure No. 16.2 as the basis for his section 1983 claim. In *Preston,* the court set forth several rules related to the handling of prisoner mail. It stated:

> With respect to incoming mail addressed by a person in the privileged class to the inmate, ... the Court holds that the prison officials may inspect such privileged incoming mail for contraband only, and only in the presence of the inmate. The prison authorities would be given the right to retain the envelope but must hand the letter to the inmate *without reading it in his presence.*

*Id.* at 24 (emphasis added). These requirements have been instituted by prison authorities in Kentucky Corrections Policy No. 16.2, which states, in pertinent part, that "incoming mail from privilege [sic] correspondents shall be subject to opening for inspection for contraband only and shall be conducted in the presence of the inmate ... [and] shall not be read."

Reneer claims that defendants' actions were taken to "chill[ ] and retaliate[ ] against [plaintiff] for exercising his first amendment right to seek legal redress, a legal activity." With respect to claims such as Reneer's, we have stated that while "random interference with a prisoner's mail based upon a reasonable suspicion that the prison's security was being jeopardized" is constitutionally permissible, the "arbitrary opening and reading of ... mail [with] [n]o justification—other than harassment" may violate the First Amendment. *Parrish v. Johnson,* 800 F.2d 600, 604 (6th Cir.1986).

Even were we to accept defendants' proffered justification that close inspection of Reneer's incoming legal mail was necessary to discover whether plaintiff was involved in the disappearance of the missing mail logs, it is difficult to understand why prison officials would ever have to *read* an inmate's legal mail in search of such "contraband." Moreover, if the mail was actually read, and this action was motivated by retaliation as plaintiff alleges, such behavior by prison officials might constitute the type of arbitrary action proscribed in *Parrish,* 800 F.2d at 604. While it may seem perfectly reasonable to this court that prison officials have authority to read certain inmate's mail, where, for example, there is probable cause to believe the inmate is conspiring with persons outside the prison to traffic in contraband or to arrange a breakout, Kentucky has denied such authority to its prison officials, at least in cases involving admittedly legitimate legal or other privileged mail, by the limiting language of Policy and Procedure No. 16.2. For these reasons, we reverse that portion of the district court's order granting summary judgment to defendants and remand for further proceedings.

## II.

■ Reneer next assigns error to that portion of the district court's judgment ordering that any future motions for *in forma pauperis* status by plaintiff be denied and directing the Clerk of the Court "to return any complaints and/or petitions to him unless accompanied by the appropriate filing fee." In recommending such a disposition, the magistrate judge cited: 1) "lengthy evidentiary hearings" on plaintiff's financial status in *Reneer v. Taylor* and *Reneer v. Wall,* revealing plaintiff's ownership of valuable property and monthly rental receipts; 2) plaintiff's "vague excuses" for not claiming these assets in filings with the court; and 3) plaintiff's "continued abuse of the *in forma pauperis* status."

We have permitted such prospective orders where a plaintiff has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d)." *Maxberry v. SEC,* 879 F.2d

222, 224 (6th Cir.1989). *See also In re McDonald,* 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).

Reneer has filed seventeen prior cases in the district court, and at least nine appeals to this court. These were largely frivolous claims. Moreover, he has deceived the courts as to his ability to pay in the past. We believe that the district court's determination that Reneer abused his permission to file as a pauper, and that this situation required abatement, was well within its discretion.

### III.

■ Finally, Reneer argues that the district court erred in failing to appoint counsel. The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in " 'fundamental unfairness impinging on due process rights.' " *Caruth v. Pinkney,* 683 F.2d 1044, 1048 (7th Cir.1982) (quoting *LaClair v. United States,* 374 F.2d 486, 489 (7th Cir.1967)), *cert. denied,* 459 U.S. 1214, 103 S.Ct. 1212, 75 L.Ed.2d 451 (1983). We find no due process violation under the facts of this case, and reject plaintiff's assignment of error.

### IV.

We AFFIRM the district court's limitation on plaintiff's access to the courts *in forma pauperis* and its denial of plaintiff's request for appointment of counsel, but REVERSE the granting of defendants' motion for summary judgment and REMAND for further proceedings.