34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Philip W. BERRYMAN, Plaintiff-Appellant,
v.
Mary KINSEY; Rebecca Snyder, Defendants-Appellees.
 No. 94-1006.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: GUY and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Philip W. Berryman appeals a grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Berryman filed his complaint in the district court alleging that the defendant Michigan prison officials conspired to deny him information he requested under Michigan's Freedom of Information Act (FOIA) which he needed to appeal a prison major misconduct disciplinary conviction. Berryman alleged that defendants' actions were in retaliation for plaintiff's having filed previous lawsuits. Plaintiff sued the defendants in their individual capacities and sought declaratory and injunctive relief and compensatory and punitive damages. Thereafter, defendants moved the district court for summary judgment, and plaintiff responded in opposition.
 
 
 3
 The magistrate judge recommended that summary judgment for defendants be granted, and plaintiff filed objections. Defendants filed a response to plaintiff's objections when ordered to do so by the district court, and plaintiff filed a further response. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendants. Thereafter, the district court granted plaintiff leave to appeal in forma pauperis.
 
 
 4
 On appeal, plaintiff contends that summary judgment was inappropriate because he submitted an affidavit in which he averred that defendants' refusal to provide him the requested documents impeded his ability to appeal his prison disciplinary conviction to the Michigan courts. Upon consideration, we conclude that summary judgment for defendants was proper for the reasons stated in the magistrate judge's report and recommendation filed September 2, 1993, and adopted by the district court in its order and judgment filed December 15, 1993.
 
 
 5
 We review the grant of summary judgment de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Here, plaintiff did not establish a genuine issue of material fact with respect to his claim that defendants' actions were retaliatory. While prison officials may not retaliate against prisoners for their exercise of First Amendment rights, Reneer v. Sewell, 975 F.2d 258, 260 (6th Cir.1992); Cale v. Johnson, 861 F.2d 943, 948-51 (6th Cir.1988), plaintiff provided no factual basis for the claim that defendants' actions were retaliatory. Further, plaintiff did not show that his ability to appeal his disciplinary case to the Michigan courts was hampered by defendants' alleged refusal to provide the pertinent documents. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). As noted by the magistrate judge, plaintiff does not allege that he made any effort to clarify his FOIA inquiry as requested by defendant Snyder.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.