37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Carson Lynn BROWN, Plaintiff-Appellant,
v.
Robert BROWN, Jr., et al, Defendants-Appellees.
 No. 93-2529.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1994.
 
 Before: MARTIN, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Carson Lynn Brown, a pro se Michigan prisoner, appeals a district court order revoking his in forma pauperis status. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In a civil rights complaint filed under 42 U.S.C. Sec. 1983, accompanied by a motion for leave to proceed in forma pauperis, Brown alleged that his confinement by Michigan prison authorities resulted in violations of his constitutional rights. The motion for pauper status was granted and the matter was referred to a magistrate judge. The magistrate judge determined that the complaint was frivolous and recommended that the complaint be dismissed. The magistrate judge further determined that Brown has a well established history of filing vexatious and frivolous litigation and recommended that pauper status be revoked. The district court overruled Brown's objections to the magistrate judge's recommendations and dismissed the complaint as frivolous. Additionally, the district court revoked pauper status and certified under 28 U.S.C. Sec. 1915(a) that an appeal would be frivolous.
 
 
 3
 Brown filed a motion for leave to proceed in forma pauperis on appeal. On January 27, 1994, an order was entered denying Brown leave to appeal the dismissal of his civil rights complaint without the prepayment of fees, but granting pauper status to appeal the revocation of in forma pauperis status in the district court.
 
 
 4
 Upon review, we conclude that the district court was authorized to impose sanctions against Brown based on his demonstrated history of frivolous litigation. The court may deny in forma pauperis status as to all future civil cases to a litigant whose past cumulative filings reflect an abuse of that status. See, e.g., Martin v. District of Columbia Court of Appeals, 113 S.Ct. 397, 397 (1992) (per curiam); Reneer v. Sewell, 975 F.2d 258, 260-61 (6th Cir.1992).
 
 
 5
 Additionally, we note that Brown does not address the revocation of pauper status in his brief on appeal; rather he argues that the district court erred by granting summary judgment to the defendants in the underlying civil rights complaint. Brown is deemed to have abandoned his claim through his failure to raise the issue in his brief on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 6
 Accordingly, the district court's order revoking Brown's pauper status is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.