41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Ray HARRISON, Plaintiff-Appellant,
v.
Len HOLMES, Law Librarian; Billy Compton, Warden; Tommy
Mills, Operations Manager, Defendants-Appellees.
 No. 93-5731.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 James Ray Harrison, pro se, appeals a district court judgment entered on behalf of the defendants following a jury verdict in this civil rights case filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Harrison sued the warden, the law librarian and the operations manager employed at the West Tennessee High Security Facility in Henning, Tennessee, at the time of the alleged incident. Harrison sued these officials in their individual and official capacities. In his complaint, Harrison alleged: 1) the defendants violated his First Amendment right to petition the government for redress of his grievances and his right to effective access to the courts when the defendants transferred him in retaliation for his filing grievances; 2) the defendants "fired" him from his law library aide job in the prison in retaliation for filing the grievances; and 3) the defendants acted in retaliation when they deducted certain funds from his prison account.
 
 
 4
 Upon motion by the defendants to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the district court denied the motion and ordered that the case proceed to trial. At the conclusion of the three-day trial, the jury answered four interrogatories indicating that none of the defendants had retaliated against Harrison. A verdict was announced in favor of all the defendants.
 
 
 5
 On appeal, Harrison raises the following issues: 1) whether the district court erred in refusing to charge the jury regarding the allegation of conspiracy among the defendants to remove him from his law library aide position; 2) whether defendant Holmes perjured himself by withholding certain documents that plaintiff had requested before trial, but which documents Holmes had sworn did not exist; 3) whether one of jurors was biased and should not have been seated; 4) whether Harrison's trial was unfair because of the short time the jury deliberated; 5) whether Harrison was unfairly denied the opportunity to call certain non-prisoner witnesses in his favor; 6) whether the evidence was insufficient to show a conspiracy; and 7) whether the district court erred in failing to appoint him counsel. Harrison has also filed a "Motion for Contempt," alleging that the defendant failed to comply with the court's scheduling order.
 
 
 6
 This court need not address the question of whether the district court erred in failing to instruct the jury on conspiracy, because the error was not "obvious and prejudicial," necessitating this court to consider this issue in the interests of justice. Young v. Langley, 793 F.2d 792, 795 (6th Cir.), cert. denied, 479 U.S. 950 (1986). Moreover, Harrison has filed no motion for a new trial or any post-judgment motion in district court, which inaction militates against this court's review of the jury instructions on appeal. Jones v. Lewis, 957 F.2d 260, 263 (6th Cir.), cert. denied, 113 S.Ct. 125 (1992). However, considering Harrison's pro se status, the court has thoroughly reviewed his claim and determined that it is, nevertheless, without merit.
 
 
 7
 Turning to the discovery issue, we conclude that any document Harrison believes was withheld prior to trial was fully considered by the jury, and, in any event, was duplicative of items already admitted into the record. There is simply no factual basis for Harrison's allegation that a biased juror was actually seated. The record shows that the only juror that could possibly have been biased in this case was dismissed, sua sponte, by the court. Likewise, there is no basis to support Harrison's argument that the jury was biased in favor of the defendants because of the relatively short time period that they deliberated.
 
 
 8
 Harrison failed to object to the exclusion of certain witnesses that he believes should have been called in his favor. Because this court concludes that none of his substantial rights were affected, this argument cannot support a decision to alter the district court's judgment. Fed.R.Evid. 103; American Anodco, Inc. v. Reynolds Metals Co., 743 F.2d 417, 424 (6th Cir.1984); Johnson v. Hubbard, 698 F.2d 286, 289 (6th Cir.), cert. denied, 464 U.S. 917 (1983). Moreover, as the defendants have pointed out, Harrison filed a motion at trial to withdrawal his request for the attendance of any non-party witnesses. The district court did not abuse its discretion in failing to appoint Harrison counsel. Reneer v. Sewell, 975 F.2d 258, 261 (6th Cir.1992) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir.1982), cert. denied, 459 U.S. 1241 (1983)). Lastly, this court concludes that there is no basis for awarding costs to Harrison for an alleged failure by the defendants to comply with a scheduling order. Contrary to Harrison's belief, the full record was considered by this court upon review.
 
 
 9
 Accordingly, Harrison's "Motion for Contempt" is denied, and the district court's judgment on the jury's verdict is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation