50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred L. BATES, Plaintiff-Appellant,
v.
Greg JENNINGS, individually and in his official capacity
with the Lexington-Fayette Urban County Government Division
of Police; Charles Flora, individually and in his official
capacity with the Lexington-Fayette Urban County Government
Division of Police; Officer Mike Bossie, individually and
in his official capacity as City Police Officer, Defendants-Appellees,
Lexington Fayette Urban County Government, et al., Defendants.
 No. 94-5946.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1995.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges, and TAYLOR, District Judge*.
 
 ORDER
 
 2
 Alfred L. Bates, a Kentucky pro se prisoner, appeals a district court judgment dismissing, with prejudice, his civil rights action brought under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bates brought a civil rights action against the three defendants, undercover police officers of the Lexington-Fayette (Kentucky) Urban County Government, suing them in their individual and official capacities. Bates alleged that the defendants used excessive force when they arrested him after Bates approached two of the defendants and offered to sell them drugs on February 1, 1989.
 
 
 4
 During the district court proceedings and on three separate occasions, the district court denied Bates's motions for the appointment of counsel. The case was set for trial on February 1, 1994. Before the trial began, Bates orally moved the court to withdraw his complaint and to dismiss his case. The district court granted Bates's oral motion and dismissed the case with prejudice. Bates then filed a motion to vacate, alter or amend judgment pursuant to Fed.R.Civ.P. 59, in which Bates asserted that he asked for a continuance of his lawsuit before his trial began, not a dismissal. The district court denied Bates's motion to vacate, alter or amend the February 1, 1994, district court order.
 
 
 5
 On appeal, Bates continues to argue that he moved the district court to continue his lawsuit and not to dismiss it. Bates requests a transcript at government expense and the appointment of counsel.
 
 
 6
 Initially, we construe the district court's dismissal of Bates's Sec. 1983 case as a voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2). Upon review, we conclude that the district court did not abuse its discretion by granting Bates's oral motion for a dismissal and by dismissing his Sec. 1983 lawsuit with prejudice. DWG Corp. v. Granada Invs., Inc., 962 F.2d 1201, 1202 (6th Cir.1992); Banque de Depots v. National Bank of Detroit, 491 F.2d 753, 757 (6th Cir.1974). The record is clear that Bates sought a dismissal and not a continuance of his case. In addition, the district court did not abuse its discretion in failing to appoint Bates counsel because there were no unusual circumstances involved in the case that would warrant appointing counsel. Reneer v. Sewell, 975 F.2d 258, 261 (6th Cir.1992).
 
 
 7
 Accordingly, we deny Bates's requests for miscellaneous relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation