67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abdul Mateen Haneef AHMAD, also known as Alphonso N. Smith,
Plaintiff-Appellant,
v.
John ANDREWS; Kryscio, Capt., Defendants,
Chartrand, Sgt., Defendant-Appellee.
 No. 95-1176.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1995.
 
 Before: KRUPANSKY, MILBURN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Abdul Mateen Haneef Ahmad appeals pro se from a judgment rendered after a bench trial in his civil rights case, filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In an amended complaint, Ahmad, an African American prisoner, alleged that a prison guard violated his right to equal protection by writing him a disciplinary ticket, when a caucasian prisoner was not disciplined for similar behavior. After hearing testimony from both sides, the district court found for the defendant and dismissed the case on January 10, 1995. It is from this judgment that Ahmad now appeals, moving for the appointment of counsel on appeal.
 
 
 3
 As an initial matter, we note that Ahmad had raised claims against several other defendants in his original complaint. The district court dismissed these claims as frivolous on March 23, 1993. See 28 U.S.C. Sec. 1915(d). Ahmad does not dispute this ruling, and he has, therefore, abandoned these claims for purposes of appellate review. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 4
 In his amended complaint, Ahmad alleged that defendant Chartrand issued a major misconduct ticket against him for failing to obey an order to remove a towel from the window in his cell door, even though a white inmate was not ordered to remove a similarly placed towel and was not issued a misconduct ticket. Ahmad alleged that Chartrand's actions were racially motivated and that they violated his constitutional right to equal protection. The district court found that Chartrand was more credible than Ahmad, that 15 minutes had elapsed between Chartrand's first request to remove the towel and the time that the ticket was written, and that no white inmate had been treated differently by Chartrand.
 
 
 5
 The Fourteenth Amendment protects prisoners from invidious racial discrimination. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To prevail, however, a prisoner must prove the existence of purposeful discrimination. McCleskey v. Kemp, 481 U.S. 279, 292 (1987). Ahmad did not meet this burden in the present case.
 
 
 6
 Ahmad argues that the district court's credibility findings were erroneously based on other misconduct tickets that he had received as well as the testimony of a defense witness who had not worked with Chartrand. He also argues that other inmates had written grievances against Chartrand. The district court was primarily responsible for determining the credibility of the witnesses, and its factual findings will not be set aside unless they are clearly erroneous. Fed.R.Civ.P. 52(a). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985). Even greater deference is required when credibility is at issue and the trial court has had an opportunity to observe the demeanor of the witnesses. Id. at 575. In light of these standards, it cannot be said that the district court committed clear error by crediting Sergeant Chartrand's testimony over Ahmad's.
 
 
 7
 Ahmad argues that the district court erred by not appointing him counsel and by not advising him that he should issue subpoenas for his witnesses at trial. However, the district court did not abuse its discretion, as there is no indication that the decision to deny counsel resulted in fundamental unfairness impinging upon Ahmad's right to due process. See Reneer v. Sewell, 975 F.2d 258, 261 (6th Cir.1992). Moreover, the court properly declined to select witnesses and subpoena them on Ahmad's behalf. It is undisputed that the court allowed Ahmad to make a proffer regarding the testimony of his missing witnesses, yet Ahmad apparently declined to do so. In addition, Ahmad was able to elicit testimony which indicated that the defense witness had not worked directly with Chartrand and that there had been other complaints of racial harassment against Chartrand. There is no reason to believe that the court failed to consider any of this testimony in making its credibility findings. See Kasuri v. St. Elizabeth Hosp. Medical Ctr., 897 F.2d 845, 850-51 (6th Cir.1990).
 
 
 8
 Accordingly, Ahmad's motion for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.