68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerome SUEING, Plaintiff,
Willie B. Jones, Plaintiff-Appellant,
v.
James J. BLANCHARD, Governor, et al.; City of St. Louis
Water Department, et al., Defendants-Appellees.
 No. 94-2123.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1995.
 
 Before: KRUPANSKY, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Willie B. Jones appeals pro se from a district court judgment that dismissed his prison conditions suit, filed under 42 U.S.C. Sec. 1983 as well as other state and federal statutes. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 The case was brought by various prisoners at the Mid-Michigan Correctional Facility, who alleged that the water there was unsafe. The case was referred to a magistrate judge who issued several reports, recommending that different groups of defendants be dismissed. The district court adopted these reports and dismissed the case on September 28, 1994. It is from this judgment that Jones now appeals. He has moved for the appointment of counsel on appeal and for a remand of his case to the district court.
 
 
 3
 Jones now argues exclusively that he was denied the effective assistance of counsel in this civil case. He has, therefore, abandoned any objections that he might have to the district court's judgment, insofar as those objections are based on grounds other than the alleged ineffective assistance of counsel. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir. 1991), cert. denied, 503 U.S. 939 (1992).
 
 
 4
 The record indicates that pro bono counsel was appointed to represent the plaintiffs and that counsel participated in negotiations which resulted in extensive testing of the prison's water supply. The test results apparently convinced most of the plaintiffs to move for voluntary dismissal of their claims. Counsel's motion to withdraw was subsequently granted, without objection by Jones or any other plaintiff. Jones subsequently filed several motions for the appointment of counsel, which were denied by the district court.
 
 
 5
 Jones's ineffective assistance of counsel claim is meritless because he simply does not have a Sixth Amendment right to counsel in a civil case. See Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993). The district court's denial of Jones's motions for new counsel is reviewed for an abuse of discretion on appeal. See Reneer v. Sewell, 975 F.2d 258, 261 (6th Cir. 1992). The court did not abuse its discretion here, as there is no indication that the court's decision to deny Jones's requests for counsel resulted in fundamental unfairness which impinged upon his right to due process. See id.
 
 
 6
 Accordingly, Jones's motions for counsel and for a remand are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.