95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul CRAFT, Plaintiff-Appellant,
v.
Rey MASCORRO; Terry Bradford; Martin Makel, Defendants-Appellees.
 No. 95-1592.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1996.
 
 Before: NELSON, MOORE, and COLE, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a jury verdict for the defendants in a prisoner civil rights action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Michigan inmate Paul Craft filed a civil rights complaint against three corrections officials in connection with a 1992 prison disciplinary proceeding and its aftermath. The matter eventually went to trial where a jury found for all three defendants. This appeal followed. The parties have briefed the issues; Craft is proceeding without benefit of counsel.
 
 
 3
 Craft was an inmate at the Muskegon Correctional Facility (MCF) in 1992. In September of that year, prison officials learned of an escape plot involving three inmates, one of whom was Craft. The inmates were immediately transferred to administrative segregation to await a disciplinary hearing. The charge against Craft, conspiracy to escape, was ultimately dismissed against him while the two other inmates were found guilty of the offense. Craft was nevertheless kept in segregation for a period of days pending a transfer to another institution. Craft was eventually transferred over his objections.
 
 
 4
 Craft later filed a § 1983 action in which he brought a number of constitutional challenges to the various aspects of the disciplinary hearing, segregation placement, and transfer. The defendants are Rey Mascorro, an inspector at MCF, Martin Makel, MCF Warden, and Terry Bradford, MCF Deputy Warden. The case went to trial on the questions of the propriety of Craft's placement in administrative segregation, the conditions of confinement in segregation, and any retaliatory motivation behind the transfer. Craft represented himself at trial and testified in his case in chief. The jury found for the defendants in all respects and this appeal followed.
 
 
 5
 Craft's first assignment of error is the district court's refusal to appoint trial counsel to assist him in the presentation of his case. The appointment of counsel to civil litigants is left to the sound discretion of the trial court and will not be disturbed unless the decision resulted in a fundamentally unfair trial that impinged on due process rights. Reneer v. Sewell, 975 F.2d 258, 261 (6th Cir.1992). In the case at bar, the transcript clearly reveals that Craft was able to place the relatively uncomplicated and largely uncontroverted facts of his case (length of stay and conditions in segregation, motivations of defendants) before the jury and offered a cogent closing argument with the assistance of his prepared notes.
 
 
 6
 Craft's second assignment of error is that the district court should have entered a default judgment for Craft when the defendants were one day late in filing a responsive pleading. "[A] district judge has a broad discretion in choosing a penalty for a procedural default and does not abuse it by refusing to enter a default judgment where ... the default was inadvertent and caused no inconvenience, delay, expense, or other harm to the plaintiff." McGuinness v. United States Postal Serv., 744 F.2d 1318, 1323 (7th Cir.1984). While lawyers for the State of Michigan ought to be able to meet procedural deadlines, there is no indication that Craft's case suffered from this minor delay. The district court's refusal to enter a default judgment was not an abuse of discretion.
 
 
 7
 For his third assignment of error Craft argues that the court erred by not issuing subpoenas for two witnesses whose testimony Craft sought. It is uncontested that Craft did not provide the fees required by Fed.R.Civ.P. 45(b) and 28 U.S.C. § 1821 in order to compel the attendance of a witness in a civil trial. The trial court was therefore without authority to issue the requested subpoenas. See, e.g., Johnson v. Hubbard, 698 F.2d 286, 289-90 (6th Cir.), cert. denied, 464 U.S. 917 (1983).
 
 
 8
 Craft's fourth assignment of error is the district court's refusal to grant Craft's motion to enlarge the time permitted for pretrial discovery. The district court's limitation of discovery will be reversed only for an abuse of discretion. Ghandi v. Police Dept. Of City of Detroit, 747 F.2d 388, 354 (6th Cir.1984), cert. denied sub. nom. Ghandi v. Fayed, 484 U.S. 1042 (1988). The district court ordered the defendants to treat Craft's motion as discovery requests. The defendants complied, and Craft was able to obtain much, if not all, of the information he sought by his motion. The district court's refusal to extend discovery was not an abuse of discretion. Craft also contends that the jury verdict was not supported by the weight of the evidence. This court will entertain this issue only from a district court's rulings on either a motion for a new trial or a motion for a judgment as a matter of law. The record on appeal reflects that Craft made neither of these motions. The evidence supporting the verdict is therefore not in issue here. In addition, Craft contends that the district court made several errors in instructing the jury. Craft did not, however, offer any contemporaneous objections to the instructions as required by Fed.R.Civ.P. 51. A party waives appellate review of jury instructions by failure to comply with Rule 51 unless the jury verdict may be reversed for plain error. Preferred RX, Inc. v. American Prescription Plan, Inc., 46 F.3d 535, 548 (6th Cir.1995). That is not the case here.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.