108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daryl SMITH, Plaintiff-Appellant,
v.
Richard A. WILKINSON, et al., Defendants-Appellees.
 Nos. 95-4014, 96-3172.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1997.
 
 S.D.Ohio, No. 92-00420; John D. Holschuh, Judge.
 S.D.Ohio
 AFFIRMED.
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Daryl Smith, a pro se Ohio prisoner, appeals two district court orders denying his request for injunctive relief and granting summary judgment in favor of the defendants in this civil rights case filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Smith sued the Director of the Ohio Department of Rehabilitation and Corrections and three prison guards at Ohio's Corrections Reception Center, complaining that these prison officials denied him his rights under the First, Eighth and Fourteenth Amendments. Smith claimed that the guards punished and threatened him in retaliation, after he provided testimony in a prior prisoner class action suit. After he filed his complaint, Smith filed several motions for injunctive relief. The district court denied these motions and they are now the subject of this court's Case No. 95-4014. Eventually, a magistrate judge reviewed the merits of Smith's claims, and recommended granting the defendants' motion for summary judgment. After Smith failed to file objections to the magistrate judge's report, the district court adopted the report in its entirety and dismissed the complaint. Smith's appeal from that final judgment has been designated as our Case No. 96-3172.
 
 
 3
 On appeal, Smith argues: 1) he had a "clear claim of retaliation"; 2) the district court improperly denied his "restraining order motions"; 3) the district court improperly denied his motion to amend his complaint; 4) the district court improperly denied his motion for a default judgment; 5) the district court improperly "denied all discovery after the defense was allowed to repeatedly default"; and 6) the district court improperly denied his motion for the appointment of counsel.
 
 
 4
 Smith waived his right to appeal the claims he made in support of his complaint, because he did not file objections to the magistrate judge's final report and recommendation, after being advised to do so. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Moreover, this court concludes that no circumstances exist warranting an exception to this rule in the interests of justice. Thomas, 474 U.S. at 155 & n. 15.
 
 
 5
 The district court properly denied Smith's motion for injunctive relief. This court reviews a challenge to the denial of a preliminary injunction under an abuse of discretion standard and accords great deference to the decision of the district court. Dayton Area Visually Impaired Persons, Inc. v. Fisher, 70 F.3d 1474, 1480 (6th Cir.1995), cert. denied, 116 S.Ct. 1421 (1996). This court will not disturb the district court's determination, because the district court did not rely on clearly erroneous findings of fact, improperly apply the governing law, or use an erroneous legal standard when it denied Smith's request for injunctive relief. Id. (quoting Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991)).
 
 
 6
 The district court properly denied Smith's motion to amend his complaint pursuant to Fed.R.Civ.P. 15(a), because: 1) there was undue delay that would have prejudiced the defendants; 2) it would have been futile to allow Smith to amend; 3) many of the allegations in Smith's proposed amendment merely restated Smith's retaliation claim presented in his original complaint; and 4) the remaining allegations in the amendment surrounded events that took place beyond the two-year statute of limitations governing this § 1983 action. This analysis met the Supreme Court's standard for reviewing motions to amend, under Foman v. Davis, 371 U.S. 178, 182 (1962), and, thus, the district court did not abuse its discretion when it denied the motion. Soliday v. Miami County, 55 F.3d 1158, 1165 (6th Cir.1995).
 
 
 7
 The district court did not err when it refused to grant Smith's motions for a default judgment against the defendants. The court properly set aside a previous default entry "for good cause shown" pursuant to Fed.R.Civ.P. 55, after considering the relevant factors as set forth in INVST Fin. Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 398 (6th Cir.), cert. denied, 484 U.S. 927 (1987). The district court allowed all parties adequate time for discovery and did not abuse its discretion when it did not permit additional discovery before granting the defendants' motion for summary judgment. See Gordon v. Barnes Pumps, Inc., 999 F.2d 133, 138 (6th Cir.1993). This court will not overturn the district court's decision to deny the appointment of counsel, because this decision was within the sound discretion of the district court, and the denial of counsel did not result in fundamental unfairness impinging on Smith's due process rights. Reneer v. Sewell, 975 F.2d 258, 261 (6th Cir.1992).
 
 
 8
 Accordingly, the district court's orders denying injunctive relief and granting the defendants' motion for summary judgment are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.