**William F. SCARBOROUGH,**
**Plaintiff–Appellant,**

v.

**Jack MORGAN, Warden; William Peebles; Joni Lyles; Charles Sullivan,**
**Defendants–Appellees.**

**No. 00–6094.**

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2001.

Before CLAY, GILMAN, and WALLACE,\* Circuit Judges.

William Scarborough appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

■ Seeking monetary and injunctive relief, Scarborough sued the warden of · the Turney Center Industrial Prison and several other Tennessee correctional personnel, alleging that the defendants used excessive force against him and were deliberately indifferent to his safety. Over

---

\* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Scarborough's objections, the district court adopted the magistrate judge's report and recommendation, and the court concluded that Scarborough's claim against the warden was frivolous and that he had not administratively exhausted his remaining claims. Therefore, the court dismissed the case. Scarborough has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Scarborough's claim against the warden as frivolous. This court reviews de novo a district court judgment dismissing a suit as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 866–67 (6th Cir.2000). While Scarborough argued that the warden was liable because he supervised the remaining defendants, a defendant cannot be held liable under § 1983 on a respondeat superior or vicarious liability basis. *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 818 (6th Cir. 1996).

The district court properly dismissed Scarborough's remaining claims for failure to exhaust his administrative remedies. This court reviews de novo the district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Miller v. Menghini,* 213 F.3d 1244, 1246 (10th Cir. 2000); *Brown v. Sikes,* 212 F.3d 1205, 1207 (11th Cir.2000).

■ Scarborough did not exhaust his administrative remedies for any of his claims. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. Although money damages may not be available through the prison grievance process, Scarborough must still exhaust these state remedies because the prison has an administrative system that will review his complaints. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). The prisoner must exhaust his remedies as to all claims arising from his confinement, including excessive force, equal protection, and other constitutional claims. *Curry v. Scott,* 249 F.3d 493, 503–04 (6th Cir.2001); *Hartsfield v. Vidor,* 199 F.3d 305, 308 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id.*

Scarborough did not provide any decisions reflecting administrative disposition of his claims or particularized averments concerning exhaustion. Indeed, he admitted in his complaint that he had not presented his claims to prison officials for administrative review. While he argues that he should not have been required to exhaust his excessive force claims through the administrative process, this court has concluded to the contrary. *Curry,* 249 F.3d at 503–04. Scarborough has offered no other reason to excuse his failure to exhaust and, therefore, the district court properly dismissed his claims on that basis.

■ Lastly, Scarborough argues that the district court improperly denied his request for counsel. This court reviews a district court decision denying counsel for

an abuse of discretion. *Lavado v. Keohane,* 992 F.2d 601, 604–05 (6th Cir.1993). This court will overturn a district court's decision denying counsel only when the denial of counsel results in fundamental unfairness impinging on due process rights. *Reneer v. Sewell,* 975 F.2d 258, 261 (6th Cir.1992). The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Lavado,* 992 F.2d at 605–06. Since Scarborough's failure to exhaust his administrative remedies compelled dismissal of his complaint, the district court did not abuse its discretion in denying his request for counsel.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.