**Gerald Christopher SCHULTZ, Plaintiff–Appellant,**

v.

**George HANSEN; Brian Chaffee; Unknown Bebee, Ruo, Correctional Officers at Ionia Maximum Facility, in their individual capacities, jointly and severally, Defendants–Appellees.**

No. 01–1623.

United States Court of Appeals, Sixth Circuit.

Feb. 1, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Gerald Christopher Schultz appeals from a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Schultz sued several Michigan correctional personnel in their individual and official capacities, alleging that the defendants retaliated against him in violation of the First Amendment and used excessive force against him in violation of the Eighth Amendment. Over Schultz's objections, the district court adopted the magistrate judge's report and recommendation, concluded that Schultz's claims were without merit, and dismissed the case. Schultz has filed a timely appeal.

We initially note that Schultz does not raise his retaliation claim in his brief on appeal. Therefore, the claim is considered abandoned and not reviewable. *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir.1998).

■ Upon review, we conclude that the district court properly granted summary judgment for the defendants on Schultz's Eighth Amendment claim. This court reviews de novo a district court order granting summary judgment. *Peck v. Bridgeport Machs., Inc.*, 237 F.3d 614, 617 (6th Cir.2001). Since granting Schultz his requested relief would call into question the validity of his disciplinary conviction, his Eighth Amendment claim is not cognizable under § 1983. A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction. *Huey v. Stine*, 230 F.3d 226, 230–31 (6th Cir.2000). Because a favorable ruling on Schultz's Eighth Amendment claim would imply the invalidity of his disciplinary conviction, this claim is not cognizable. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Huey*, 230 F.3d at 230.

■ Schultz also argues that the *Huey* decision should not have been applied because this action was already pending

when that decision was rendered. However, in noncriminal matters, after the court decides a rule of law, that rule is the controlling interpretation of the law and must be given full retroactive effect in all cases still open on direct review. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993).

■ Schultz argues that the district court failed to consider his state law claims of assault and battery. While not specifically mentioning these claims in dismissing the case, the district court properly declined to exercise jurisdiction over Schultz's supplemental state law claims, after the court had dismissed all of Schultz's federal claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ Schultz next argues that the district court improperly granted summary judgment without permitting him adequate time for discovery. This court reviews a district court's decision concerning discovery matters for an abuse of discretion. *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir.1997). A plaintiff complaining that the district court granted summary judgment without allowing adequate discovery must be able to show that he could have obtained information through discovery that would disclose material facts. *Id.* Nebulous assertions that more discovery time would have produced evidence to defeat summary judgment will be unavailing. *Gordon v. Barnes Pumps, Inc.*, 999 F.2d 133, 138 (6th Cir.1993). We conclude that the district court did not abuse its discretion in limiting discovery.

■ Lastly, Schultz argues that the district court improperly denied his motion for the appointment of counsel. This court reviews a district court decision denying counsel for an abuse of discretion. *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir.1993). This court will overturn a district court's decision denying counsel only when the denial of counsel results in fundamental unfairness impinging on due process rights. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir.1992). The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Lavado*, 992 F.2d at 605–06. In determining whether exceptional circumstances exist, the court must examine the complexity of the factual and legal issues involved and the plaintiff's ability to represent himself. *Id.* at 606. The district court did not abuse its discretion in denying Schultz's request for counsel.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.