**Ralphael OKORO, Plaintiff–Appellant,**

v.

**Joseph SCIBANA, Warden, Defendant–Appellee.**

No. 02–1439.

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

Before DAUGHTREY and GIBBONS, Circuit Judges; and MILLS, District Judge.*

### ORDER

Ralphael Okoro, proceeding pro se, appeals a district court judgment dismissing his civil rights complaints filed pursuant to the doctrine announced in *Bivens v. Six*

---

*\* The Honorable Richard Mills, United States District Judge for the Central District of Illi-*

*Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), as well as 42 U.S.C. §§ 1985 and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Okoro sued the former warden (Scibana) of the Federal Correctional Institution at Milan (FCI–Milan), an FCI–Milan Staff Attorney (Walasinski), unidentified mail-room employees, all in their individual and official capacities, as well as the United States Bureau of Prisons (BOP). Okoro claimed that: 1) the defendants conspired to interfere with his general and legal mail, in violation of the First, Sixth, and Fourteenth Amendments; 2) the defendants conspired to retaliate against him for exercising his constitutional rights; and 3) the defendants' violated his equal protection rights. The defendants filed a motion to dismiss, based in part on Okoro's failure to exhaust his administrative remedies. In the alternative, the defendants argued that they were entitled to summary judgment. Okoro filed a response to the defendants' motion, as well as a request for discovery.

Upon review, a magistrate judge filed a report recommending that the district court grant summary judgment to the defendants. Over Okoro's objections, the district court adopted the magistrate judge's recommendation, and granted summary judgment to the defendants. The court did not specifically address Okoro's discovery request.

Okoro has filed a timely appeal, essentially reasserting his claims. He also ar-

*nois, sitting by designation.*

gues that the district court erred by not addressing his request for discovery prior to ruling on the defendants' motion for summary judgment. Okoro has also moved for the appointment of counsel.

Initially, we note that the government correctly argues, on appeal, that Okoro's complaint should have been dismissed for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997(e)(a); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir. 1998). Nonetheless, we conclude that the most expedient course would be for this court to affirm the district court's judgment because the district court has already rejected Okoro's claims on the merits.

■■■ Upon review, we conclude that the district court properly granted judgment in favor of the defendants. *See Meador v. Cabinet for Human Res.,* 902 F.2d 474, 475 (6th Cir.1990). Okoro cannot pursue a *Bivens* claim against the BOP because such a claim may not be brought against a federal agency. *See Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). In addition, Okoro cannot pursue a claim against the individual defendants, to the extent that they were sued in their official capacity. *See Berger v. Pierce,* 933 F.2d 393, 397 (6th Cir.1991).

■ The district court also properly granted judgment in favor of defendants Scibana and Walasinski, to the extent that they were sued in their individual capacity. First, the doctrine of respondeat superior cannot provide the basis for liability in a *Bivens* action. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Here, Okoro did not establish that Scibana condoned, encouraged, or knowingly acquiesced in the alleged unconstitutional misconduct. *See Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir.1995). In addition, Okoro's allega-tions against Scibana and Walasinski are too conclusory to state a cognizable claim that they conspired to violate his constitutional rights. *See Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996); *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987).

■ The remaining defendants are entitled to summary judgment on Okoro's mail interference claims. Concerning the processing of his general mail, Okoro failed to state a claim because he did not present any evidence indicating that the defendants, rather than the postal system, were responsible for the failure to deliver his outgoing or incoming mail. In addition, Okoro was only able to provide one specific incident where he allegedly did not receive the full contents of a letter from his wife. Such a random and isolated incident is insufficient to establish a constitutional violation. *See, e.g., Reneer v. Sewell,* 975 F.2d 258, 260 (6th Cir.1992).

Okoro also failed to state a claim concerning the defendants' handling of his legal mail. First, we note that the district court properly concluded that the FCI–Milan mailroom employees cannot be held liable for any of the alleged mishandling of Okoro's mail while he was incarcerated at FCI–Pekin. Second, with respect to the FCI–Milan employees' conduct, Okoro has not alleged that the defendants' handling of his legal mail resulted in the loss of any non-frivolous legal claim, or that the defendants' conduct is currently preventing him from presenting a non-frivolous legal claim. *See Lewis v. Casey,* 518 U.S. 343, 351–54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

We note that the district court did not specifically address Okoro's complaints that prison officials improperly copied his legal mail, improperly searched his cell for legal mail/documents, left his legal documents out in the open, and temporarily

confiscated his "legal tapes." However, we conclude that the defendants were entitled to judgment because Okoro did not present any convincing evidence to support these allegations. Indeed, Okoro concedes that his "legal tapes" were returned to him within two days after being confiscated. Moreover, as stated above, Okoro did not allege that the defendants' alleged misconduct resulted in the loss of any non-frivolous lawsuit.

We conclude that the defendants were entitled to judgment on Okoro's equal protection claim because he did not establish that the defendants intentionally discriminated against him based on his membership in a protected class. *See, e.g., Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990). Prisoners are not a "protected class" for equal protection purposes. *See Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1997).

Finally, we conclude that the district court did not improperly grant summary judgment prior to the completion of discovery. *See Bill Call Ford, Inc. v. Ford Motor Co.*, 48 F.3d 201, 209 (6th Cir.1995). The record reflects that the parties had ample time to request discovery prior to the court's ruling on the defendants' motions for summary judgment. In addition, Okoro does not identify the information he would have sought, or how the information would have improved his case.

Accordingly, we deny the appointment of counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.