**Joseph S. HAYES, Plaintiff–Appellant,**

v.

**S.M. WRIGHT, Capt.; Mealer, Corp.; Campbell, Sgt.; Coleman, Lt.; T. Evans, Corp.; Lowery, C/O; Wiess, Corp.; Tracy Brooks, Defendants–Appellees.**

No. 03–6370.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2004.

Joseph S. Hayes, Henning, TN, pro se.

Lisa M. Carson, Buerger, Moseley & Carson, Franklin, TN, for Defendants–Appellees.

Before SUTTON and COOK, Circuit Judges; and ALDRICH, District Judge.*

### ORDER

Joseph S. Hayes, a Tennessee prisoner proceeding pro se, appeals the dismissal of his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hayes is currently a prisoner in the custody of the Tennessee Department of Corrections. In 2002, Hayes filed this civil rights action against eight employees of

the Williams County, Tennessee Jail, alleging that he had received inadequate medical care for his diabetes while incarcerated in that jail.

In May of 2002, the district court dismissed the action as to all of the defendants except Brooks, finding that several of Hayes's claims could be construed to suggest a pattern on Brooks's part of deliberate indifference to Hayes's continuing, serious medical needs. Brooks denied the allegations made against her by Hayes; however, she admitted that she ran out of his medication on one occasion. Hayes then filed a motion for appointment of counsel which was denied by the district court.

In April of 2003, Brooks filed a motion for summary judgment, including a Statement of Undisputed Material Fact[s] in Support of Motion for Summary Judgment. Brooks attached to this motion several prison records which documented Hayes's medical care and diet. On April 21, 2003, the district court issued an order to Hayes, notifying him that he had twenty days from the entry of the order to file and serve a response to Brooks's motion for summary judgment and that failure to file a response could result in the district court granting Brooks's motion and the dismissal of the case. Hayes did not file a response within the twenty-day time-limit.

On June 6, 2003, a magistrate judge filed a report and recommendation which advised the district court to dismiss the action against Brooks because Hayes had not established that Brooks had acted with deliberate indifference. The district court adopted the report and recommendation of the magistrate judge. The district court decided Hayes's claims on the merits, de-

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

termining that the evidence presented did not support a constitutional violation. This appeal followed, wherein Hayes alleges that he was denied due process when the district court failed to appoint him counsel and dismissed his action against Brooks without giving him notice that his action would be dismissed if he failed to respond to Brooks's summary judgment motion. Hayes moves for the appointment of counsel on appeal.

Denial of the appointment of counsel is reviewed for abuse of discretion. *See Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir.1993). There is no constitutional right to the appointment of counsel in a civil case. *See Lavado*, 992 F.2d at 605. The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in " 'fundamental unfairness impinging on due process rights.' " *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir.1992) (quoting *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir.1982)). We find no abuse of discretion in the denial of the appointment of counsel.

Finally, Hayes claims that the district court erred when it dismissed his action against Brooks without giving him notice that his action would be dismissed if he did not file a response to Brooks's motion for summary judgment. However, Hayes was apprised of this possibility in the April 21, 2003, order of the district court. More importantly, the district court did not dismiss his claim for failing to respond to Brooks's motion for summary judgment; rather the district court considered the merits of Hayes's claims and determined that he had not produced any evidence to support a finding that Brooks treated Hayes with deliberate indifference.

For the foregoing reasons, the motion to appoint counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.