89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Shawn MARR, Plaintiff-Appellant,
v.
STATE of Michigan, Defendant-Appellee.
 No. 95-1794.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1996.
 
 Before: MERRITT, Chief Judge; ENGEL and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a district court order dismissing a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a group of Michigan prisoners. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.R. 34(a).
 
 
 2
 Michael Shawn Marr and five other Michigan state prisoners sued the State of Michigan alleging that their incarceration violates the Foreign Sovereign Immunities Act (FSIA) of 1976 (28 U.S.C. §§ 1602-1611). The complaint is largely incomprehensible and contains no factual allegations other than the plaintiffs' assertion of their status as "citizens of the United States of America, Common Law Citizens," and their status as a "Foreign State." The plaintiffs alleged that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because the complaint is for the violation of a Treaty, United States Law, Fed.R.Civ.P. 38, and the Seventh Amendment of the Constitution. The relief requested is "Default relief of all issues of law and fact that are not in dispute," or in the alternative, "for execution of Judgment for issues of law and fact that are in dispute" under Fed.R.Civ.P. 69. The plaintiffs, in their response to the defendant's motion to dismiss, describe this as an action for declaratory relief. The district court granted the defendant's motion to dismiss in an opinion and order filed June 19, 1995. This appeal followed.
 
 
 3
 Initially, we note that Marr is the only plaintiff that signed the notice of appeal, and did so as the "class representative." The record reflects that the plaintiffs never requested class certification. Moreover, an imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) (per curiam). Accordingly, this appeal is recognized as only brought by Marr and not also by the other five plaintiffs.
 
 
 4
 Whether the district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.), petition for cert. filed, 64 U.S.L.W. 3417 (U.S. Nov. 30, 1995) (No. 95-848). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Wright, 58 F.3d at 1138.
 
 
 5
 Upon review, we conclude that the district court properly dismissed the complaint. To state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States, and 2) the deprivation was caused by a person while acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir.1995). Marr argued that he is a "foreign state" as defined under the FSIA, that the State of Michigan lacked personal jurisdiction over him in his criminal proceedings, and, by implication, that his continued incarceration violates the FSIA.
 
 
 6
 Marr's assertion of immunity under the FSIA is patently frivolous. The FSIA governs claims of foreign states to immunity from the jurisdiction of federal and state courts. However, under the definition provided by the Act, Marr is not a foreign state, and thus is not immune. See 28 U.S.C. § 1603; see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 937 F.2d 44, 47-48 (2d Cir.1991). Marr, by his own admission, is a citizen of the United States of America. He is not a foreigner. Therefore, dismissal was proper.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.