Steven D. PALASTY; Warren Shinkman; Steven R. Keith; Lawrence Bailey; Shane Hatfield; Robert Owen Hinton, Jr.; Gary Grasty; James Alexander; Tom Brown; Steven Douglas Bradley; Clarence Dobbs; Quon Moses; Keith Sherlin; Jaye Lackey; Stan Walker; Terry L. Peveler; Donald Clarke; Eric Matthews; Ronald Clay; Noe Mancilla; Howard Davis; Cecil Cavanaugh; Jamie Lee Gross; Mervin Glen Anderson; Mark Pitt; Kevin Gross; Sirr Wright; Kevin Scott, Plaintiffs–Appellants,

Robert J. Ringer, et al., Plaintiffs,

v.

Kathleen HAWK, in her official and individual capacity; George E. Snyder; Margaret Hambrick; Harrell Watts, Defendants–Appellees.

No. 00–5840.

United States Court of Appeals, Sixth Circuit.

June 20, 2001.

Before RYAN and COLE, Circuit
Judges; MARBLEY, District Judge.*

* The Honorable Algenon L. Marbley, United
States District Judge for the Southern District of Ohio, sitting by designation.

Steven Palasty and numerous other pro se federal prisoners appeal a district court order dismissing their civil rights claims brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Palasty and 46 other federal prisoners sued several federal correctional officials, alleging that the defendants violated their First Amendment, due process, and equal protection rights by denying them access to sexually explicit magazines. The district court notified the plaintiffs that, before the suit could proceed, they must pay the filing fee or apply for in forma pauperis (IFP) status, and they must demonstrate the exhaustion of their administrative remedies. When Palasty was the only plaintiff to show exhaustion of his administrative remedies and to move for IFP status, the court dismissed the remaining plaintiffs from the case for failure to prosecute. The court did grant Palasty IFP status, but denied his requests for a preliminary injunction and to certify the case as a class action. The plaintiffs filed a timely appeal from this decision. While this appeal was pending, the district court determined that Palasty's underlying claims were without merit and dismissed the case. Palasty did not appeal this decision.

■ We initially note that the plaintiffs do not challenge the district court's denial of their motion for a preliminary injunction on appeal. Therefore, they have abandoned and waived appellate review of this issue. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

■ Upon review, we conclude that the district court properly dismissed all plaintiffs besides Palasty because of their failure to prosecute the case. This court reviews for an abuse of discretion a district court order dismissing parties from an action for failure to prosecute under Fed. R.Civ.P. 41(b). *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir.1999). Rule 41(b) gives a court the authority to dismiss a case for failure of the plaintiff to comply with an order or rule of the court. This measure is available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties. *Knoll,* 176 F.3d at 363. Since the district court must be given substantial discretion in serving these tasks, *Little v. Yeutter,* 984 F.2d 160, 162 (6th Cir.1993), this court will reverse the district court's dismissal only if it has a definite and firm conviction that the trial court committed a clear error of judgment. *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir.1989). The factors to consider before imposing such a dismissal are whether: 1) the failure to cooperate with the court's orders was wilful or in bad faith; 2) the opposing party suffered any prejudice; 3) the party was warned that dismissal was contemplated; and 4) less severe sanctions were imposed or considered. *Knoll,* 176 F.3d at 363.

■ The district court did not abuse its discretion in dismissing the plaintiffs for failure to prosecute. In its deficiency order, the district court notified each plaintiff that they must provide the court with an affidavit of assets, an IFP application, and a certificate of inmate account if they wished to proceed as a party in the action. The court specifically advised that any plaintiff who did not submit these forms would be dismissed from the action. De-

spite this warning, Palasty was the only plaintiff to submit the required documentation. The plaintiffs' wilful failure to comply with the court's order, despite the warning of potential dismissal, justifies their dismissal for failure to prosecute.

■ The district court also properly declined to certify a class action. This court reviews a district court's ruling on class certification for an abuse of discretion, as the district court retains broad discretion in determining whether an action should be certified as a class action. *Stout v. J.D. Byrider*, 228 F.3d 709, 716 (6th Cir.2000), *cert. denied,* — U.S. —, 121 S.Ct. 1088, 148 L.Ed.2d 963 (2001). Under Fed.R.Civ.P. 23(a), four prerequisites exist for class certification: 1) the class must be so numerous that joinder of all members is impracticable; 2) common questions of law or fact must be present among the class; 3) the claims of the representative party must be typical of the class; and 4) the representative party must be able to protect fairly and adequately the interests of the class. *Id.* at 717. In this case, no representative party was available because pro se prisoners are not able to represent fairly the class. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir.2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.