**Joseph R. ZIEGLER, Plaintiff–Appellant,**

v.

**State of MICHIGAN, et al., Defendants–Appellees.**

No. 02–1914.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2003.

Before GILMAN and GIBBONS,
Circuit Judges; and ECONOMUS,
District Judge.*

### ORDER

Joseph R. Ziegler, a Michigan state prisoner, moves for release pending appeal and appeals pro se the final judgment for defendants in a civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ziegler filed a complaint against a number of state and local government employees, alleging that he had been assaulted by a jail employee on October 16, 1994; he

had been subjected to prosecutorial misconduct when he was charged with assaulting a prison employee and resisting and obstructing an officer arising out of the same event; the state had failed to properly recompute his sentences and schedule a parole hearing when these convictions were reversed; numerous conditions at the county jail violated the constitution; and excessive rates were charged for telephone usage at the county jail. Ziegler moved for class certification regarding the latter two claims. The district court sua sponte dismissed several of the claims, concluding that the claim of assault was barred by the statute of limitations, the prosecutors were entitled to absolute immunity, and Ziegler had failed to demonstrate the exhaustion of administrative remedies regarding his claim of recomputing his sentence. The remaining claims were referred to a magistrate judge, who recommended granting summary judgment to the defendants on those claims. The district court adopted this recommendation and entered final judgment for the defendants.

On appeal, Ziegler reasserts each of the claims raised below, and argues that he did exhaust his administrative remedies and that the district court erred in denying his motion for class certification. His motion for release pending appeal is based on the argument that his state court convictions have been reversed.

■ Upon consideration, we conclude that the judgment below must be affirmed for the reasons stated by the district court. Ziegler's claim of assault by a prison employee in 1994 was barred by the three-year statute of limitations on such actions arising in Michigan. *Carroll v. Wilkerson,* 782 F.2d 44, 45 (6th Cir.1986). Ziegler argues that he could not have filed this

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio sitting by designation.

claim until his own convictions for assaulting a prison employee and resisting and obstructing an officer were reversed in November 1998 on the ground that the trial court judge had not adequately discussed with Ziegler the ramifications of self-representation. Ziegler's argument lacks merit, as a claim for assault would not have necessarily implied the invalidity of his conviction. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Donovan v. Thames,* 105 F.3d 291, 295–97 (6th Cir.1997) (finding arrestee's conviction of resisting arrest no bar to excessive force civil rights claim) (and cases cited).

■ The district court also properly dismissed the claims of prosecutorial misconduct, as the named defendants were entitled to absolute immunity for the actions complained of in this case. *Ireland v. Tunis,* 113 F.3d 1435, 1447 (6th Cir.1997).

■ The sua sponte dismissal of Ziegler's claim regarding the recomputation of his sentence for failure to demonstrate the exhaustion of administrative remedies was also proper. Ziegler argues that he later submitted documentation showing that he had filed a grievance raising this claim. However, this court has held that district courts need not allow prisoners to amend their complaints to demonstrate exhaustion, but may sua sponte dismiss without prejudice any complaint which fails to specifically document such exhaustion. *Baxter v. Rose,* 305 F.3d 486, 489 (6th Cir.2002). In this case, Ziegler's complaint only alleged in a conclusory fashion that administrative remedies had been utilized.

■ The county jail defendants were properly granted summary judgment on the remaining claims. Among the complaints made by Ziegler were that cells were overcrowded, prisoners were denied daily showers and out-of-cell exercise, and religious services were inadequate. The

district court properly noted that Ziegler was only housed in the county jail from October 6 to 12, 2000, and August 22 to 31, 2001, in concluding that Ziegler failed to allege any deprivation of a constitutional magnitude. *See Hutto v. Finney,* 437 U.S. 678, 686–87, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). Ziegler also complained about the inadequacy of the law library and the fact that free postage was unavailable for items weighing more than one ounce. Because Ziegler failed to specify that he was prejudiced in pursuing a non-frivolous lawsuit, these claims were properly found to lack merit. *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996). Ziegler also complained about inadequate hearings for jail rule violations, non-functioning telephones in visitation booths, and overly expensive telephone charges for collect calls. The district court properly noted that Ziegler failed to allege that he had participated in an administrative hearing, had visitors, or been charged for collect calls. Rather, he seemed to wish to advance these claims as part of a class of all jail detainees and/or the general public. The district court did not abuse its discretion in declining to certify a class, as Ziegler failed to show that he was personally injured by the complained-of conditions, rather than other unidentified members of a class he purported to represent. *Lewis v. Casey,* 518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Generally, pro se prisoners cannot adequately represent a class. *Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir.2000). Finally, the district court liberally construed one of Ziegler's claims as alleging that he had been totally denied telephone access while held in isolation, but dismissed that claim for failure to demonstrate the exhaustion of administrative remedies. Although Ziegler asserted in a conclusory fashion that he did exhaust this claim, no documenta-

tion was submitted to support the allegation.

◼ Ziegler's motion for release pending appeal is premised on his argument that his convictions have been reversed. However, the web site of the Michigan Department of Corrections indicates that Ziegler remains incarcerated pursuant to other valid convictions. Accordingly, the motion for release pending appeal is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.