NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0387n.06

Nos. 08-1222, 08-1273, 08-1278

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MICHAEL DAVID GARRISON; ERIC BOYLAN; ROBERT WALKER, | ) ) ) | **FILED**<br>**May 28, 2009**<br>LEONARD GREEN, Clerk |
| Plaintiffs-Appellants, | ) ) | |
| and | ) ) | |
| JASON DIXON; GREGORY HULL, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| Plaintiffs, | ) ) | COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| MICHIGAN DEPARTMENT OF CORRECTIONS; PATRICIA CARUSO, MDOC Director, in her individual and official capacities, | ) ) ) ) | |
| Defendants-Appellees. | ) | |

BEFORE: BOGGS, Chief Judge; and GILMAN and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. Michael Garrison, Eric Boylan, and Robert Walker appeal from an order dismissing their civil rights complaint. Garrison and four other Michigan prisoners filed a joint pro se action in district court alleging that prison officials had placed unnecessary restrictions on the prisoners' religious practice in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1–cc-5. The prisoners requested, and were denied, appointed counsel. The district court later discovered that Garrison was filing papers that had been

previously signed in blank by his co-plaintiffs. The co-plaintiffs left the signed, blank papers for Garrison to use in conducting the litigation. The district court regarded the use of papers signed in blank as fraud. The court dismissed the action without prejudice and applied various sanctions. Because counsel will only be appointed in a civil case in exceptional circumstances, the district court acted within its discretion in denying appointment of counsel. The district court also acted within its discretion when it dismissed the case without prejudice due to the improper nature of some of the filings. However, we vacate the dismissal order to the extent that it applies further sanctions because the record does not sufficiently indicate that Garrison and his co-plaintiffs acted in bad faith.

## I.

Garrison and the other appellants in this consolidated case are prisoners in the Michigan Department of Corrections (MDOC) prison system. In December 2006, the appellants and two prisoners who are no longer parties to this litigation filed a complaint against MDOC and its director Patricia Caruso. The complaint alleged numerous violations of RLUIPA. The district court allowed the plaintiffs to proceed in forma pauperis, paying the $350 filing fee in installments. The court dismissed one plaintiff without prejudice for failing to make his initial payment.

Garrison and his co-plaintiffs alleged in their complaint that MDOC was violating RLUIPA by placing restrictions, without any substantial or compelling reason for doing so, on their ability to follow the Native American Traditional Ways religion. The plaintiffs alleged, among other things, that MDOC would not allow them to possess certain innocuous religious objects and herbs and that MDOC prevented them from engaging in religious gatherings and ceremonies except in certain

limited circumstances.

The plaintiffs moved to certify a class of all similarly situated followers of their religion. The motion raised the possibility that the court would appoint counsel and cited precedent in which pro se litigants were allowed to proceed as class representatives. The court denied the motion, finding that pro se litigants may not act as class representatives. The court did not address appointment of counsel. The plaintiffs then filed a motion explicitly requesting appointed counsel, noting that their motion for class certification had been denied because of their lack of counsel. The plaintiffs cited several factors to support their request, including the merit of their case, the complexity of the issues, their indigence, the fact that three out of four of them were uneducated, and the fact that one plaintiff had already been transferred to another facility, thus making communication about their common suit difficult. The court, however, determined that appointment of counsel was not necessary to a proper presentation of plaintiffs' case.

On the same day that the plaintiffs moved to certify a class, the court ordered the clerk to serve the plaintiffs' complaint on MDOC. Having reviewed the complaint to determine that it was not frivolous, malicious, or subject to dismissal for failure to state a claim, the court ordered MDOC to reply. Both sides filed various motions and responses, and in December 2007 each side filed a motion for summary judgment.

Plaintiff Dixon absconded from parole in October 2007. MDOC learned this fact shortly after the motions for summary judgment were filed and moved to strike the plaintiffs' motion. MDOC argued that Federal Rule of Civil Procedure 11 requires pro se plaintiffs to sign their motions

and that Dixon's purported signature on the plaintiffs' December 26, 2007, motion must have been forged. Garrison responded to MDOC's motion by explaining that, after plaintiffs learned that Dixon would be transferred to another facility, plaintiffs other than Garrison signed several papers in blank and authorized Garrison to use the papers to file all necessary documents with the court. The response gave two reasons: first, plaintiffs anticipated that retaliatory transfers would result in all four plaintiffs' being housed in separate facilities, making it impossible to comply with filing deadlines, and second, Garrison was the only one of the four with sufficient legal knowledge to pursue the claim.

The district court regarded the use of documents signed in blank as a "ruse" and a "brazen fraud on the court." *Garrison v. Mich. Dep't of Corr.*, No. 1:06-cv-869, 2008 WL 351652, at *1 (W.D. Mich. Feb. 7, 2008). The court stated that federal law prohibited Garrison from representing the other plaintiffs "either directly or through the subterfuge of presigned papers," but instead required plaintiffs either to proceed pro se or through licensed counsel. *Id.* The court also stated that Garrison was on notice that he could not represent the others, because the court wrote in its denial of class certification that a pro se litigant may not act in a representative capacity. *Id.* Recognizing that Garrison, Boylan, and Walker were all now housed in separate facilities and that Dixon was no longer in the prison system at all, the court determined that it must dismiss Boylan, Walker, and Dixon's claims without prejudice, because the court was unable to tell which claims represented the voluntary submissions of those plaintiffs and which were the submissions of Garrison alone. *Id.* at *2. The court ordered that the plaintiffs, as a sanction for their conduct, would not receive any credit

in future actions for fees already paid in conjunction with the dismissed action. *Id.* at *2 n.1.

The court also dismissed Garrison's claim without prejudice as a sanction for fraud. *Id.* at *2. In addition, the court issued a permanent injunction preventing Garrison from proceeding as a co-plaintiff or intervening in any case in that court. *Id.* The court required that Garrison disclose on the first page of any subsequent complaint whether he was reasserting any of the twenty-six claims from the instant case. *Id.* The court also prohibited Garrison from proceeding in forma pauperis in any future action that reasserted any of the twenty-six claims. *Id.* All pending motions were dismissed as moot. *Id.*

Garrison, Boylan, and Walker appeal the denial of appointed counsel, the dismissal of their case, and the other sanctions. MDOC declined to file an opposing brief.

## II.

The district court did not abuse its discretion by denying Garrison and his co-plaintiffs' motion to appoint counsel or by dismissing the case without prejudice. However, we vacate the other sanctions imposed upon the plaintiffs.

## A.

Although this case arguably presented an appropriate situation for appointment of counsel, the trial court did not abuse its discretion in declining to do so. Garrison and his co-plaintiffs submitted their request for counsel after one of their number was transferred to a different facility. Although continuing their joint litigation under those circumstances presented difficulties, Garrison and his co-plaintiffs had no right to appointed counsel in this civil case. *See Reneer v. Sewell*, 975

F.2d 258, 261 (6th Cir. 1992). Any appointment of counsel was at the discretion of the district court. *Id.* When considering whether to appoint counsel, a court should consider the type of the case, the complexity of the issues, and the litigants' ability to represent themselves. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). The precedent of this circuit supports appointment of counsel for civil litigants only in exceptional circumstances. *Id.* A district court's decision not to appoint counsel is not reversable unless it results in "fundamental unfairness impinging on due process rights." *Reneer*, 975 F.2d at 261. The denial of counsel here does not involve the level of injustice required for reversal.

**B.**

Dismissal without prejudice for the reasons given by the district court also was not an abuse of discretion. As the district court noted, the plaintiffs' use of documents signed in blank prevents the court from determining whether all the plaintiffs subscribed to a particular filing or whether Garrison acted on his own authority. The fact that Garrison filed documents after plaintiff Dixon left the prison system demonstrates that he was not merely assisting his co-plaintiffs pro se but instead was acting at his own discretion on their behalf. While his co-plaintiffs may have authorized these actions, that authorization was not proper outside of an actual attorney-client relationship. Twenty-eight U.S.C. § 1654 allows parties to plead their own cases or to act through counsel. Providing documents signed in blank to an unlicensed representative improperly circumvents this requirement, although plaintiffs may sign documents that have been prepared by another inmate.

**C.**

The district court, however, imposed overly burdensome hurdles to future litigation. Section 1654's proscription of unlicensed practice notwithstanding, precedent supports limited inmate-to-inmate legal assistance. While assistance does not extend to representation of other inmates in court, the authority which the district court cited for this limit consisted of cases involving pro se litigation outside the prison context, *see Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007), and unrepresented inmate litigants serving as class representatives in class action lawsuits, *see Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003). This authority fails to address the specific issues raised by the present situation.

Because of the particular difficulties that inmates face in obtaining the assistance of counsel, the case law addressing lay legal assistance in the prison context generally supports the practice. The Supreme Court has held that "unless and until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation . . . barring inmates from furnishing such assistance to other prisoners." *Johnson v. Avery*, 393 U.S. 483, 490 (1969). The Court reasoned that "if such prisoners cannot have the assistance of a 'jailhouse lawyer,' their possibly valid constitutional claims will never be heard in any court." *Id.* at 487 (quoting the district court's findings). Thus the Court grounded the right to receive assistance from a jailhouse lawyer in the prisoner's right of access to the courts.

Courts have acted to curtail the actions of unscrupulous jailhouse lawyers whose services do their fellow inmates more harm than good, but those limitations were responses to abuse, not attempts to restrict unlicensed jailhouse practice generally. One district court in Missouri enjoined

an inmate from providing legal services after finding that he failed to follow court rules and procedures, charged fees, used other inmates' lawsuits primarily as vehicles to advance his own grievances, filed actions of behalf of people who had not consented to his involvement, and buried his clients' straightforward claims in pages of otherwise frivolous material. *Green v. Wyrick*, 428 F. Supp. 732, 736-40 (W.D. Mo. 1976). This type of protection is not needed here. Although the district court indicated that it acted to protect the rights of Garrison's co-plaintiffs, the record indicates that Garrison was advocating on behalf of his co-plaintiffs as well as himself, a service to which they might not otherwise have had access.

The district court had authority to regulate Garrison's conduct of the jailhouse litigation and to require that each plaintiff sign the filings after their preparation, but the record lacks evidence that Garrison and his co-plaintiffs acted in bad faith or against the instructions of the court when they used papers signed in blank. The record does not appear to indicate that Garrison and his co-plaintiffs were affirmatively attempting to deceive the court. Rather, they may have been trying to adapt their litigation efforts to circumstances that might arise. Faced with the possibility that they would not be able to file court documents in time if their amanuensis was in a different prison (though they could have sought more time under the rules on account of that circumstance), the plaintiffs devised what seemed to them (albeit wrongly) to be a reasonable plan—signing a number of papers in blank and leaving them with the inmate who was functioning as jailhouse counsel. Garrison and his co-plaintiffs also notified the court of the difficulties they would face in carrying out their litigation after one of them was transferred. The court concluded

that this case did not present the exceptional circumstances that would justify appointment of counsel, and the plaintiffs carried out their plan to use the papers they had signed while they were all housed in the same facility. Absent some explicit notice to the parties that their actions were improper, sanctions were not warranted to the extent they would unduly burden legitimate future litigation.

The district court based its decision to impose sanctions on the fact that the parties were on notice that Garrison could not act as their representative, but such notice does not appear in the record. The order to which the district court referred did not specifically prohibit Garrison from representing his co-plaintiffs. The order addressed a different matter. Early in the case, the plaintiffs moved to certify a class, and the court said that unrepresented prisoners such as themselves could present only their own claims, not the claims of other prisoners who would make up the class. The court said in that order:

> It is well established that a pro se litigant may represent himself on his own claims, but may not act in a representative capacity. 28 U.S.C. § 1654; *see Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005). The Sixth Circuit has repeatedly held that pro se prisoner litigants are inadequate class representatives. *See, e.g.*, *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at *1 (6th Cir. Apr. 25, 1996) ("[A]n imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class.") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Accordingly, plaintiffs' motion for class certification [] is DENIED.

The court's language and most of its cited authority refer to the propriety of pro se class litigation, not to the contours and limitations of inmate-to-inmate legal assistance. The court's statement did

not amount to an instruction that Garrison must limit his representation of the group, even if the first sentence of the portion quoted above should have caused Garrison to infer that limitation. Indeed, when MDOC accused the plaintiffs of submitting a forged signature, Garrison readily explained that he was using documents signed in blank without appearing to realize that his actions might have contravened an earlier court order.

Neither Federal Rule of Civil Procedure 11 nor the district court's inherent powers supports the sanctions imposed by the district court to the extent that they unduly burden future litigation. Federal Rule of Civil Procedure 11 requires that a pro se plaintiff sign any document submitted to the court as certification that the document is not being submitted for an improper purpose and that the document's legal claims and factual allegations are warranted. The rule also empowers the court to "impose an appropriate sanction" on a party who violates the rule. Fed. R. Civ. P. 11(c). "[T]he central purpose of Rule 11 is to deter baseless filings in district court . . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Because there is no indication that Garrison and his co-plaintiffs submitted baseless claims to the court, Rule 11 does not justify the sanctions imposed here. While the deference owed to the district court is high when it acts under its inherent powers, the sanctions that the court imposed would require a finding of fraud or of willful disobedience of a court order, *see First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 516-17 (6th Cir. 2002), neither of which is present here.

Although the district court was justified in taking some corrective action when it learned that Garrison had filed papers that his pro se co-plaintiffs had not specifically endorsed and that one of

the plaintiffs was no longer in the custody of the Michigan prison system, sanctions posing high barriers to refiling were unwarranted. The district court aptly noted that the plaintiffs' use of documents signed in blank raised questions as to the legitimacy of the filings; however, the court's effort to maintain the integrity of the process need not erect barriers that dramatically decrease the likelihood that the prisoners' claims will ever be heard on the merits.

Of course plaintiffs in this case are now clearly on notice, and any future use by them of documents pre-signed in blank would be sanctionable.

**III.**

For the foregoing reasons, the district court's order denying appointment of counsel is AFFIRMED. The district court's order dismissing the case without prejudice is AFFIRMED. The order to the extent that it imposes additional sanctions is VACATED.